## Norristown Ward Consolidation

*George C. Corson, Jr.* and *Paul C. Vangrossi,* for exceptants.

*John G. Kaufman,* contra.

VOGEL, J., November 25, 1968.—On November 22, 1967, a single resident of the Borough of Norristown, Pa., George T. Engle, filed a petition to consolidate, divide and realign Wards in the Borough of Norristown. On the said date this court entered a decree appointing a commission of three, namely, Joseph F. Keener, Jr., Esquire, Richard W. Rogers, Esquire, and Mr. Aladino A. Autilio which decree states the said appointments were as "authorized by The Borough Code of February 1, 1966, P. L. 1656, sec. 601; 53 PS §45601, et seq.". Subsequently, on February 1, 1968, a petition for extension of time in which to file report was filed by the commission and the said commission was granted 120 days from January 22, 1968, in which to file their report with the court.

On April 2, 1968, the commission's report was filed which set forth the following as part of its conclusions:

"2. Reduction of the existing wards, by consolidating some of the smaller wards and reducing some of

the larger wards, but resulting in an odd number of councilmen, will provide better representation for each person in the Borough and the total population of the Borough is sufficient, in the opinion of the Commission, to justify the reduction to nine wards.

"3. The Commission recommends to the Court that the prayer of the Petition be granted, the effect that the present twelve wards of the Borough of Norristown, Montgomery County, Pennsylvania, be consolidated, divided and realigned as set forth on the Plan attached to this report as Commission's Plan and as described in the language attached to this report as the Commission's Description".

On May 27, 1968, the commission's report was confirmed nisi with the right to file exceptions within 30 days of May 27, 1968.

Exceptions to commission's report were filed on June 7, 1968, by Paul Vangrossi, Esq., on behalf of the Borough of Norristown. Exceptions to order confirming nisi the report of the commissioners were filed on June 24, 1968, by George C. Corson, Jr., Esq., on behalf of Mr. Joseph V. Gillespie, a resident of the Borough of Norristown. Argument before the court en banc as to both exceptions was held on September 30, 1968. Hence this opinion and order.

There are two important issues before this court. Initially, by what statutory authority can a commission be appointed by the court, as was done on November 22, 1967, when the petition submitted was by a single citizen of the Borough of Norristown? Secondly, by what authority, on the basis of such a petition by a single citizen, George T. Engle, does this court have to confirm nisi, in accordance with section 603 of the Act of 1966, 53 PS §45603, and to finally accept a commission's report which in fact reduces the number of wards in the Borough of Norristown from twelve to

nine wards? Answers to the foregoing questions necessitate a most careful reading and interpretation of the Act of February 1, 1966, P. L. (1965) 1656, sec. 601 and sec. 602, as amended, October 9, 1967, 53 PS §45601 and 53 PS §45602.

Section 601 of the Act of 1966, as amended on October 9, 1967, concerning the division, consolidation, alteration, abolition and adjustment of ward boundaries, states in toto:

"The court of quarter sessions, upon petition, may divide boroughs into wards, erect new wards out of two or more adjoining wards or parts thereof, consolidate two or more wards into one ward, divide any ward already erected into two or more wards, alter the lines of any two or more adjoining wards or cause the lines or boundaries of wards to be ascertained or established, or abolish all wards. No borough shall be divided or redivided into more than thirteen wards.

"No ward shall be created containing less than three hundred registered electors therein, and all wards which now or at any time hereafter shall contain less than three hundred fifty registered electors therein may, in the discretion of the court, be abolished and if so abolished, the territory thereof shall be distributed among the remaining wards in such manner as the court of quarter sessions shall direct. All other wards as heretofore established shall remain as heretofore, until altered or divided as provided in this article.

"In boroughs wherein any ward shall be abolished as herein provided and the number of wards shall be reduced to less than five, then the councilman or councilmen in the ward or wards abolished shall continue in office for the term for which elected and shall become a councilman or councilmen at large from such borough.

"If the latest official census of the United States shall disclose that in any borough the population of any

ward exceeds by fifty percent or more or is fifty percent or more less than the average population of all the wards of such borough, the court of quarter sessions, upon application of the borough council or, in case of failure of the council so to apply, upon petition of any citizen of the borough, shall adjust the boundaries of any or all of the wards in such borough, for the purpose of more nearly equalizing ward populations throughout the said borough. *The provisions of sections 602, 603, and 604 of this act shall not apply in cases of ward boundary adjustment as provided for by this paragraph".* (Underlining Amendment by Act of October 9, 1967.)

Exclusive authority to appoint a three member commission is provided by section 602 of the Act of 1966, as amended on October 9, 1967, which states in toto:

*"The petition referred to in the first paragraph of section 601 of this act* shall be presented by the council of the borough pursuant to a resolution of the council, or by at least five percent of the registered electors of the borough, or in case of a proposal affecting only a portion of the borough by at least five percent of the registered electors of the ward or wards which would be affected by such proposal, as the case may be. The court shall thereupon consider and determine the matter and may appoint three impartial persons, none of whom shall be residents or property owners in the borough, as commissioners to inquire into the propriety of granting the prayer in the petition. The commissioners, or any two of them, shall make a report to the court, within sixty days after their appointment and shall accompany it with a plot; showing the boundaries of the proposed wards of the borough, or the wards before and after the proposed change, as the case may be, whenever the same cannot be fully designated by natural lines, and with information on the population and the number of registered electors in the borough

and in all wards and proposed new wards with which such report is concerned". (Underlining Amendment of Act of October 9, 1967.)

Thus, as seen by the last paragraph of section 601, jurisdiction rests with the court of quarter sessions *alone,* upon petition of *any citizen* of the borough, to *only* "adjust the boundaries of any or all of the wards in such borough, for the purpose of nearly equalizing ward populations throughout the said borough". Appointment of a commission by the court of quarter sessions, as provided by section 602, and with the authority such commission would possess under the first full paragraph of section 601, i.e., to actually reduce the number of wards in Norristown from twelve to nine, is *only* permitted upon petition to the court presented *by the borough council* or by at least *five percent of the registered electors of the borough.* Such was not done in the instant case.

Petitioner's contention that not only can an individual citizen have a commission appointed but that commission can in fact create a reduction in wards is without merit. To accept such a position would necessitate the ignoring of section 602 as to the parties necessary to have a commission appointed. Further, it would negate the last paragraph of section 601 which permits only ward boundary adjustment and by the amendment of October 9, 1967, specifically prohibits the application of section 602 to ward boundary adjustment. Logic should dictate that one citizen should not be permitted, by having a commission appointed, to reduce the number of wards in a borough and in turn eliminate the elected representatives in those wards. Rather, such drastic action should only be initiated by either the borough council itself or a fair cross representation, five percent, of those citizens of the borough or of those particular wards who would be affected by such action. Indeed, this case pointedly

illustrates the fact that ward boundary adjustment is not synonymous with ward reduction.

The Statutory Construction Act of May 28, 1937, P. L. 1019, sec. 51 and sec. 52, 46 PS §§551 and 552, clearly supports such logic and the objector's contention. As stated in section 551:

"The object of all interpretation and construction of laws is to ascertain and effectuate the intention of the Legislature. Every law shall be contrued, if possible, to give effect to all its provisions.

"When the words of a law are clear and free from all ambiguity, the letter of it is not to be disregarded under the pretext of pursuing its spirit".

As stated in section 552:

"In ascertaining the intention of the Legislature in the enactment of a law, the courts may be guided by the following presumptions among others:

"(2) That the Legislature intends the entire statute to be effective and certain".

Accordingly, neither the appointment by this court of the commission on November 22, 1967, nor the recommendation of the commission in its report and plan of April 2, 1968, to reduce the total number of wards in the Borough of Norristown from 12 to 9 is valid.

In view of the foregoing, this court at the present time makes no determination as to the imposition of costs. Said determination is to be made upon appropriate filing of petition for allowance of costs with a rule returnable filed by the commission in accordance with the Act of February 1, 1966, sec. 604, 53 PS §45604, with service of the same upon counsel for the original petitioner, John Kaufman, Esq., the individual exceptant, George C. Corson, Jr., Esq., and the Borough of Norristown, Paul Vangrossi, Esq.

## ORDER

And now, this November 25, 1968, after argument before the court en banc on September 30, 1968, and

consideration of briefs of counsel, the exceptions to commission's report of the Borough of Norristown of June 7, 1968, and the exceptions to order confirming nisi the report of the commissioners of Mr. Joseph V. Gillespie, filed June 24, 1968, are sustained.

The confirmation nisi of May 27, 1968, of the commission's report of April 2, 1968, is hereby vacated; this court's decree of November 22, 1967, appointing the said commission is vacated; however, the commission may file its petition for allowance of costs; and the petition to consolidate, divide and re-align Wards in the Borough of Norristown of November 22, 1967, is dismissed.